IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GIL A. MILLER as Receiver for IMPACT PAYMENT SYSTEMS LLC, and IMPACT CASH LLC, <br><br>        Plaintiff, <br><br> v. <br><br> TRAVIS RODAK, <br>      Defendant. | **MEMORANDUM DECISION & ORDER DENYING MOTION TO DISMISS** <br><br> Case No. 1:12cv76 DN <br><br> District Judge David Nuffer |

Defendant filed a Motion for Dismissal.[1]  For the reasons set forth below, the motion is DENIED.

## Introduction

Gil A. Miller (Receiver) was appointed receiver for Impact Cash, LLC and Impact Payment Systems, LLC (Impact).  These businesses were formerly operated by John Scott Clark as a Ponzi scheme.  The Receiver filed this action to seek recoupment from the Defendant, Travis Rodak (Mr. Rodak), who received undisclosed bonuses and other transfers from Impact and its related entities.  The Receiver seeks to set aside the transfers to Mr. Rodak because they were made in violation of Utah's Uniform Fraudulent Transfer Act (UFTA).  Mr. Rodak now moves for dismissal under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.

## Standard of Review – Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2) a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic. Corp. v.*

---

[1] Defendant's Motion for dismissal (Motion to Dismiss), docket no. 6, filed April 30, 2012.

*Twombly*[2] and *Ashcroft v. Iqbal*,[3] the Supreme Court clarified this standard and held that a

complaint will survive a motion to dismiss if it contains "enough allegations of fact, taken as

true, to state a claim to relief that is plausible on its face."[4]  When reviewing a Rule 12(b)(6)

motion "a court must accept as true all of the allegations contained in a complaint."[5]  However,

mere "labels and conclusions" or "formulaic recitations of the elements of a cause of action" are

not sufficient.[6]  "[A] plaintiff must offer specific factual allegations to support each claim."[7]

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense."[8]  "Thus,

in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and

consider whether the remaining specific factual allegations, if assumed to be true, plausibly

suggest the defendant is liable."[9]

## Factual Background

The following essential facts are alleged in the Receiver's Complaint:[10]

8.     Impact operated fraudulently. Mr. Clark told Impact's investors
their money would be used to fund segregated payday loans, from which they
would receive the net proceeds. He did not operate Impact in this manner.

9.     Mr. Clark made misrepresentations about the nature of investors'
security. He told many of the investors that they would own the payday loans
that were funded by their investment, and that they would also own any
subsequent loans made to a particular borrower.

10.     Impact misrepresented its rate of return, and return on investment,

---

[2] 550 U.S. 544, 552 (2007).

[3] 556 U.S. 662, 679 (2009).

[4] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted).

[5] *Id.*

[6] *Twombly*, 550 U.S. at 555.

[7] *Id.*

[8] *Iqbal, 129 S. Ct. at 1950.*

[9] *Kansas Penn*, 656 F.3d at 1214.

[10] Complaint, ¶¶ 8-17, docket no. 2, filed March 22, 2012.

in some instances telling investors they would receive a return averaging 35% to 40% per year. In at least one instance, an investor was told he could double his money in two weeks.

11.     Mr. Clark did not use funds for the purposes represented to investors. For example, commingled money went into an entity named Cedar Marketing, from which Mr. Clark paid undisclosed bonuses to himself, Travis Rodak and others. Mr. Clark purchased luxury automobiles and recreational vehicles and a home with company assets, without disclosing these purchases to investors.

12.     Impact transferred funds to Mr. Radak [sic] using the Cedar Marketing account as a mere conduit.

13.     Mr. Clark improperly accounted for Impact revenues. He instructed the accounting department to record all payments from customers as income instead of allocating the payments between principal, interest and/or fees. This had the effect of overstating revenues and receivables in the financial statements, which were shown to prospective investors.

14.     He represented to investors that their money would be segregated. In fact, it was commingled.

15.     Impact was operated as a Ponzi scheme. In addition to commingling assets, Impact used new investor money to pay old investors.

16.     Impact was therefore insolvent from its inception, and while insolvent, Impact transferred money to Mr. Rodak.

17.     Impact and its related entities transferred money to Mr. Rodak with the actual intent to hinder, delay or defraud its creditors.

### Discussion

Mr. Rodak is preceding pro se.  The Court therefore construes his pleadings liberally.[11]

Mr. Rodak alleges that the Receiver's complaint is deficient under Rule 8(a) and Rule 12(b)(6).

Mr. Rodak cites Rule 8(a) and *Twombly* and simply states "Plaintiff has failed to comply with

the provisions of Rule 8(a),"[12] but makes no argument how the complaint is deficient under Rule

8.  Mr. Rodak argues that the complaint is deficient under Rule 12(b)(6) because it "has failed to

identify the dates of the purported transfers, the amounts of the purported transfers and the

natures of the purported transfers."[13]  Mr. Rodak argues that he has not been given fair notice

until he has been provided specific amounts and dates of each transfer.  To support this claim,

---

[11] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[12] Motion to Dismiss, ¶¶ 20, 21.

[13] *Id*. ¶ 24.

Mr. Rodak cites three bankruptcy cases dealing with preferential transfers.  However, this case is governed by the UFTA, not by the Bankruptcy Code.

**I. Pleading requirements for fraudulent transfer claim**

The Receiver alleges that Impact transferred money to Mr. Rodak in violation of the UFTA.[14]  To survive a motion to dismiss, the Receiver must allege facts showing that money was transferred from Impact to Mr. Rodak and that the transfer violated the UFTA.

The complaint sufficiently alleges that Mr. Rodak received money from Impact.  The Receiver alleges that "commingled money went into an entity named Cedar Marketing, from which Mr. Clark paid undisclosed bonuses to himself, Travis Rodak and others."[15]  Rule 12(b)(6) requires that a complaint have "enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face."[16]  The Receiver's allegations are sufficient, without any additional detail, to create a plausible belief that money was transferred from Impact to Mr. Rodak.

The complaint also alleges facts showing that the transfer from Impact to Mr. Rodak violated the UFTA because Impact was operated as a Ponzi scheme.[17]  Under §25-6-5, a transfer violates the UFTA when there is actual intent to defraud or constructive fraud.  The Receiver's complaint alleges both intentional and constructive fraud claims; i.e. that Impact transferred funds to Mr. Rodak with "an actual intent to hinder, delay; or defraud,"[18] and that the transfers were made at a time when Impact was insolvent.[19]

---

[14] Complaint, ¶ 11.

[15] Complaint, ¶ 11.

[16] *Kansas Penn*, 656 F.3d at 1214 (internal quotations marks omitted).

[17] See *In re M & L Bus. Mach. Co., Inc.*, 59 F.3d 1078, 1080 (10th Cir. 1995) (A Ponzi scheme is a "a fraudulent enterprise in which funds from more recent investors provide the only source to pay interest to prior investors or to provide the return of principal promised to prior investors.). S*ee also Cunningham v. Brown*, 265 U.S. 1 (1924).

[18] Complaint, ¶ ¶ 2, 17, 20.

[19] Complaint, ¶ ¶ 16, 21.

The difference between intentional and constructive fraudulent transfer claims is less significant in this case because, as a matter of law, fraudulent intent inheres in transfers made pursuant to Ponzi schemes,[20] and Ponzi schemes are insolvent as a matter of law.[21]  Thus, a transfer from a Ponzi scheme is both intentionally fraudulent and constructively fraudulent.  The Receiver alleges that Impact misrepresented the rate of return on investments,[22] treated investment money as income,[23] and used new investor money to pay old investors,[24] showing that Impact was operated as a Ponzi scheme.[25]  Therefore the Receiver has stated a valid claim under the UFTA.

The Receiver also alleges other factors indicating that the transfers from Impact to Mr. Rodak were made with "with actual intent to hinder, delay, or defraud any creditor of the debtor."[26]

- The Receiver alleges that investor money was used to pay bonuses to Mr. Rodak and others.[27]  Under section 25-6-5(2)(a), actual intent may be inferred when the transfer was made to an insider.

- The Receiver alleges that the bonuses paid to Mr. Rodak were undisclosed.[28]  Under section 25-6-5(2)(c) actual intent may be inferred when the transfer was concealed.

---

[20] *Wing v. Horn,* No. 2:09-CV-00342, 2009 WL 2843342, at *4 (D. Utah Aug. 28, 2009) (This inference is also supported by section 25-6-5(2)(i) which allows actual intent to be inferred if the debtor is insolvent.).

[21] *See Warfield v. Byron*, 436 F.3d 551, 558 (5th Cir. 2006); *Cunningham v. Brown*, 265 U.S. 1 (1924).

[22] Complaint, ¶ 10.

[23] Complaint, ¶ 13.

[24] Complaint, ¶ 15.

[25] *Id.*

[26] Utah Code Ann. § 25-6-5(1)(a).

[27] Complaint, ¶ 2.

[28] *Id.*

- The Receiver alleges that the transfers to Mr. Rodak were bonuses, not compensation for value received.  Under section 25-6-5(2)(h) actual intent may be inferred when the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred.

In addition to the allegation that Impact was operated as a Ponzi scheme, each of these allegations also constitutes a plausible claim that the transfers to Mr. Rodak violated the UFTA.

## II. Rule 9's applicability to UFTA claims

The Receiver recognized that Mr. Rodak's arguments appear to claim the particularity requirement of Rule 9(b) should apply.[29]  This court has determined that Rule 9's specificity requirement does not apply to UFTA "constructive fraudulent transfer claims which turn solely on the sufficiency of the consideration and the transferor's financial condition" because neither fraud nor misconduct is an element of the fraudulent transfer claim.[30]  In this case, fraud is alleged to have been committed by Impact, not by Mr. Rodak.  Recovery under the UFTA requires a fraudulent transfer, but does not necessitate wrongdoing on the part of the transferee. The Receiver's complaint need only satisfy Rule 8, not Rule 9(b)'s particularity requirement.[31]

## III. Good Faith Acceptance

Mr. Rodak asserts that he was a legitimate employee of Impact and also a creditor of Impact as the assignee of amounts due to Whitewater Technologies of Utah LLC.[32]  Under the statute, the transferee may raise an affirmative defense that the payment was taken in good faith

---

[29] Response to Motion to Dismiss, at 2, docket no. 7, filed May 14, 2012.

[30] *Wing v. Horn*, 2:09-CV-00342, 2009 WL 2843342 (D. Utah Aug. 28, 2009) ("[T]here is no reason to require a trustee to plead a defendant's fraud or misconduct with specificity if such fraud or misconduct is not an element of the trustee's fraudulent transfer claim.") (quoting *In re Motorwerks, Inc.*, 371 B.R. 281, 295 (Bankr. S.D. Ohio 2007).

[31] *See In re Commercial Fin. Services, Inc.*, 322 B.R. 440, 450-51 (Bankr. N.D. Okla. 2003).

[32] Complaint, ¶¶ 2-3.

and for reasonably equivalent value.[33]  However, this assertion is an affirmative defense, the merits of which should be left to a later proceeding.[34]

## Conclusion

The Receiver's complaint alleges facts that show Impact transferred money to Mr. Rodak under circumstances that violate the UFTA.  The Receiver's complaint plausibly states a valid claim and is sufficiently detailed to satisfy Rule 8 and Rule 12(b)(6).

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss[35] is DENIED.

Dated August 2, 2012.

BY THE COURT:

_____

David Nuffer
United States District Judge

---

[33] Utah Code Ann. § 25-6-9 (2006).

[34] *Horn*, 2009 WL 2843342, at *5.

[35] Defendant's Motion for dismissal, docket no. 6, filed April 30, 2012.